**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YOEL JOSE ARNIAS QUIROZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1589-G** |
| | ) | |
| **IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Yoel Jose Arnias Quiroz, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").[2] United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. On July 27, 2026, Petitioner filed a motion, Doc. 8, seeking to enforce the prior Order, Doc. 5, which had been issued by the undersigned.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] The undersigned has utilized CM/ECF page numbering when citing the Petition, inclusive of the brief in support attached and filed as part of Doc. 1.

pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time. The undersigned further recommends the Court deny Petitioner's remaining motion, Doc. 8.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on September 30, 2021, without inspection or admission near Yuma, Arizona, and was taken into immigration custody. Doc. 1-4 at 1 (Notice to Appear). On October 4, 2021, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. *Id.* Thereafter, Petitioner was released. On June 23, 2022, Petitioner filed an application for asylum, which appears to have been denied. Pet. at 12; Doc. 1-1 (Application for Asylum); EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 21, 2026) (indicating an order of removal was issued for Petitioner on July 21, 2026). Petitioner was granted Temporary Protected Status for the period of October 29, 2024, to April 2, 2025. Doc. 1-3 at 2-3.

On May 21, 2026, ICE re-detained Petitioner when he was attending his regular supervision appointment at the ICE office in Dallas, Texas. Pet. at 11. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), while recognizing precedent in the Tenth Circuit—*Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)—indicating otherwise. Resp. at 1. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges

("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On July 21, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 21, 2026). However, on July 30, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 10. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last accessed Aug. 21, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process**. Petitioner alleges his continued detention violates his right to due process and the arbitrary revocation of his previous release violates his right to procedural due process. Pet. at 8, 12.

- **Count II: Violation of the Immigration and Nationality Act ("INA") and Due Process.** Petitioner alleges his continued detention is governed by 8 U.S.C. § 1226(a), which entitles him to a bond hearing. Pet. at 8, 12-13. He further alleges his continued detention without "individualized evidence" violates his right to due process. *Id.* at 12.

- **Count III: Arbitrary and Unjustified Detention.** Petitioner alleges his continued "detention bears no reasonable relation to the civil

purposes of immigration detention," making it unconstitutional. *Id.* at 9, 13.

- **Count IV: Violation of Due Process**. Petitioner alleges his continued detention "no longer serves a legitimate regulatory purpose," making it unconstitutional and in violation of his right to due process. *Id.* at 9, 13. He asserts his detention has impaired his "ability to consult with" an attorney, "gather supporting documents, and prepare [an] immigration defense." *Id.* at 9.

Petitioner asks the Court to "issue the Writ of Habeas Corpus" and order Respondents "to immediately schedule a bail hearing before an immigration judge, in which the burden of proof rests with the Government" or, alternatively, to order his release "under reasonable conditions of supervision." *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges § 1226(a) governs his current detention because he is not a recent entrant "arriving" or "applying for admission." Pet. at 11. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A), while acknowledging *Santillan Quiroz*, 180 F.4th 1226, controls the result of this dispute. Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No.

CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla. Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum, whether or not still pending, does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "a bail hearing before an immigration judge, in which the burden of proof rests with the Government" or, alternatively, "immediate release" "under

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

reasonable conditions of supervision." Pet. at 8. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

**C. The Court should decline to address Petitioner's due process claims.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 7-8. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

merits of Petitioner's due process claims based on his continued detention. *See, e.g.*, *He*, 2026 WL 2296120, at *2 (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Petitioner's Motion

On July 27, 2026, Petitioner filed a motion, Doc. 8, seeking to enforce the prior Order, Doc. 5, issued by the undersigned. In the motion, Petitioner asserts the undersigned had "granted [the] Petition for Wirt of Habeas Corpus" and ordered his release, but Respondents were not complying. The prior Order, Doc. 5, only directed a response to be filed by Respondents in this matter. Accordingly, the undersigned recommends the Court **DENY** Petitioner's remaining motion, Doc. 8.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court **DENY** Petitioner's remaining motion, Doc. 8.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 28, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 2, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE