**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YOEL JOSE ARNIAS QUIROZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1589-G** |
| | ) | |
| **IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Yoel Jose Arnias Quiroz filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review. Respondents filed an Answer (Doc. No. 7).

On August 21, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 10), recommending that the Petition be granted in part. In the R. & R., Judge Stephens advised the parties of their right to object to the R. & R. by August 28, 2026. Judge Stephens also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the R. & R.

As of this date, no party has submitted an objection to the R. & R. or requested additional time to do so.[1]

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 10) is ADOPTED in its entirety.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for violation of the Immigration and Nationality Act.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Petitioner's Motion (Doc. No. 8) is DENIED AS MOOT.

5. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 25th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge

[1] On August 25, 2026, Respondents filed a Response (Doc. No. 11) conceding that Petitioner is entitled to a bond hearing pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).